UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN MARTIN,

    Plaintiff,

v.

CATHLEEN CAPRON, et al.,

    Defendants.

CAUSE NO. 3:19-CV-1018-JD-MGG

OPINION AND ORDER

Kevin Martin, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Martin has named nine separate defendants and alleged that they have opened his legal mail and denied him access to the courts by refusing to send his outgoing legal mail. He alleges that the defendants have violated his First Amendment free speech rights, Sixth Amendment right to counsel, and Fourteenth

Amendment due process rights. For his claims, he seeks money damages and injunctive relief.

Prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Martin's complaint contains many broad statements about his rights being violated but few facts. In the complaint, Martin does not identify any specific legal proceeding, describe his nature of his legal claim that has been harmed, or explain how that claim has been harmed. And, he alleges that his legal mail has been opened, but he does not describe the legal mail at issue. *See Kaufman v. McCaughtry,* 419 F.3d 678, 685–86 (7th Cir. 2005)(defining legal mail narrowly as letters "marked with an attorney's name and a warning that the letter is legal mail."). He does not describe in detail how each defendant was involved in violating his rights. And, while he provides many dates, he does not link those dates to specific facts.

Martin also alleges that his right to access the prison's grievance process was impinged. But, Martin has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due-process right to an inmate grievance procedure). Martin further alleges that prison staff did not follow the prison's own policies, but a violation of the prison's policy does not rise to the level of a Constitutional violation. *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003)("However, 42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of state laws or, in this case, departmental regulations and police practices."). In sum, the complaint does not state a valid claim, and Martin may not proceed on the complaint.

Lastly, Martin has filed a motion (ECF 4) seeking a temporary restraining order. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion."

*Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain a preliminary injunction, the moving party must show (1) he will suffer irreparable harm before the final resolution of his claims; (2) available remedies at law are inadequate; and (3) he has a likelihood of success on the merits. *See BBL, Inc. v. City of Angola*, 809 F.3d 317, 323–24 (7th Cir. 2015). Because Martin's complaint does not state a claim, at this juncture the court cannot find that Martin has a reasonable likelihood of success on the merits, and the motion for a temporary restraining order must be denied.

While Martin's complaint does not state a claim, if Martin believes he can address the deficiencies set forth in this order, he may file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should obtain the court's approved form from the jail law library, and he must put the case number of this case on it, which is on the first page of this order. In the amended complaint, he should explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured by the events that transpired, providing as much detail as possible.

For these reasons, the court:

(1) DENIES Kevin Martin's Motion for a Temporary Restraining Order (ECF 4);

(2) GRANTS Kevin Martin until **January 30, 2020**, to file an amended complaint; and

(3) CAUTIONS Kevin Martin, that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED on January 2, 2020

／s/JON E. DEGUILIO
　　　　　　　　　　　　　　　　　　　JUDGE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT