UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEVIN MARTIN,

    Plaintiff,

v.

CATHLEEN CAPRON, et al.,

    Defendants.

CAUSE NO. 3:19-CV-1018-JD-MGG

OPINION AND ORDER

Kevin Martin, a prisoner without a lawyer, filed a second amended complaint.[1] ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

---

[1] On January 2, 2020, Martin was granted leave to amend his complaint. ECF 5. The next day, he electronically submitted an amended complaint to the court dated December 9, 2019. ECF 6. Thereafter, he filed the second amended complaint. ECF 10. "[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward [b]ecause a plaintiff's new complaint wipes away prior pleadings . . .." *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Thus, it is the second amended complaint that is currently before the court.

In his second amended complaint, Martin has named three defendants: Cathleen Capron, Sgt. Spatoes, and Lt. Herr. He alleges that, on July 19, 2019, he was transferred from Wabash Valley Correctional Facility to Westville Correctional Facility and that Wabash sent his legal mail to Cathleen Capron. On October 28, 2019, Capron gave the mail to Lt. Herr and Lt. Herr had Sgt. Spatoes deliver the mail to Martin. By the time the envelopes were received by Martin, they were empty. Martin received empty envelopes from the United States District Court, Indiana Supreme Court, Sullivan County Circuit Court, and Attorney General Curtis Hill. He further alleges that he received an envelope from a law firm that should have contained a copy of his *pro se* complaint that was being returned to him, but the complaint was missing. And, he alleges that Attorney Robert E. Duff sent him correspondence via certified mail that was received by Westville on about October 17, 2019, but not given to Martin until twelve days later. He alleges that the defendants have violated his First Amendment, Sixth Amendment, and Fourteenth Amendment rights. He seeks money damages and injunctive relief.

As an initial matter, Martin is incorrect in his characterization of each of these items as legal mail. Though the mail was certainly related to legal proceedings, most of the items identified were not "legal mail". The words "legal mail" are a confusing term of art. The purpose of preventing prisons from opening legal mail outside of the presence of an inmate is to protect the Sixth Amendment right to counsel and the attorney-client privilege by ensuring that prison officials merely inspect for contraband and do not read confidential communications between an inmate and his counsel. *Wolff v. McDonnell*, 418 U.S. 539, 576-577 (1974). *See also Kaufman v. McCaughtry*, 419 F.3d 678,

2

686 (7th Cir. 2005)("[W]hen a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence.") The materials mailed from various courts, although not specifically identified, was likely part of the public record and, at any rate, would not have included communications protected by either the Sixth Amendment[2] or attorney-client privilege. The same is true for materials mailed from the Attorney General's Office – Martin is not represented by the Attorney General's Office in any of his cases; rather, the Attorney General's Office represents the defendants he has sued. Likewise, the law firm that sent a copy of Martin's complaint back to him did not represent Martin in that civil action and attorney-client privilege was therefore not implicated. That leaves only the letter from Attorney Duff, who did represent Martin in a civil action, but Martin does not allege that the letter was opened outside of his presence – he alleges only that its delivery was delayed by twelve days. Furthermore, a single isolated instance of opening legal mail would not give rise to liability. *Davis v. Goord*, 320 F.3d 346, 351 (2nd Cir. 2003). Thus, unless the missing or delayed mail implicated Martin's ability to access the courts, his constitutional rights have not been violated.[3]

---

[2] The Sixth Amendment is not implicated here because it deals with the rights of accused in criminal prosecutions, and Martin's complaint does not allege that any of the mail at issue pertained to a criminal proceeding.

[3] To the extent that Martin is alleging a claim based on loss of property, he cannot state a claim. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . . ." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation

3

As has already been explained to Martin (ECF 5), prisoners are entitled to meaningful access to the courts. *Bounds v. Smith*, 430 U.S. 817, 824 (1977). The right of access to the courts is the right of an individual, whether free or incarcerated, to obtain access to the courts without undue interference. *Snyder v. Nolen*, 380 F.3d 279, 291 (7th Cir. 2004). The right of individuals to pursue legal redress for claims that have a reasonable basis in law or fact is protected by the First Amendment right to petition and the Fourteenth Amendment right to substantive due process. *Id*. (citations omitted). Denial of access to the courts must be intentional; "simple negligence will not support a claim that an official has denied an individual of access to the courts." *Id*. at 291 n.11 (citing *Kincaid v. Vail*, 969 F.2d 594, 602 (7th Cir. 1992)). To establish a violation of the right to access the courts, an inmate must show that unjustified acts or conditions (by defendants acting under color of law) hindered the inmate's efforts to pursue a non-frivolous legal claim, *Nance v. Vieregge*, 147 F.3d 591, 590 (7th Cir. 1998), and that actual injury (or harm) resulted. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (holding that *Bounds* did not eliminate the actual injury requirement as a constitutional prerequisite to a prisoner asserting lack of access to the courts); *see also* Pattern Civil Jury Instructions of the Seventh Circuit, 8.02 (rev. 2017). In other words, "the mere denial of access to a

---

remedy.") Indiana's tort claims act (Indiana Code § 341331 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees, and they provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due."). Even the destruction of legal materials is merely a property loss if the papers are replaceable. *Hossman v. Spradlin*, 812 F.2d 1019 (7th Cir. 1987). Furthermore, legal papers are not deemed irreplaceable merely because there is a cost associated with obtaining them.

4

prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*," and only if the defendants' conduct prejudices a potentially meritorious legal claim has the right been infringed. *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).

Martin was previously advised that his original complaint was deficient because he did not identify any specific legal proceeding, describe the nature of his legal claim that had been harmed, or explain how that claim had been harmed. His second amended complaint identifies two separate legal proceedings that were allegedly prejudiced as a result of the missing mail.

Martin indicates that a case filed in the Southern District of Indiana, *Martin v. Meek*, 2:19-CV-00268-JRS-DLP (filed June 10, 2019), was adversely impacted by the defendants' actions. He received an envelope from a law firm that should have contained a copy of his complaint, which was being returned to him. Martin's case was not prejudiced by not receiving a copy of the complaint that he himself had filed. A review of the docket reveals that the case remains pending and that dispositive motions are due in June. Thus, it is clear from the docket that Martin was not prejudiced due to receiving an envelope with the contents missing in October of 2019.

Martin also alleges that a second case filed in the Southern District of Indiana, *Martin v. Nicholson*, 2:18-CV-391-MJD-JMS (filed Sept. 4, 2018), was adversely impacted by the defendants' actions. In this case, he was represented by Attorney Robert E. Duff. Attorney Duff sent him correspondence in October of 2019 that was delayed for twelve days. A summary judgment response was filed by Martin's counsel on November 5,

5

2019, but the summary judgment motion was denied, and the case proceeded to trial in March of 2020. While Martin did not prevail at trial, the twelve-day delay in receiving mail from Attorney Duff in October of 2019 did not prejudice his case.

Furthermore, Martin has not alleged any facts suggesting any defendant intended to deny him access to the courts. At most, the facts asserted suggest negligence, which is insufficient to state a claim. *See Snyder*, 380 F.3d at 291 n. 1.

As a final matter, Martin has requested that counsel be appointed to represent him in this matter. (ECF 11.) Unlike criminal defendants, indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992). Nevertheless, the court may in its discretion recruit *pro bono* counsel under 28 U.S.C. § 1915 when the circumstances warrant it. In assessing a request for *pro bono* counsel under 28 U.S.C. § 1915, the court must make the following two inquiries: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc). Martin has not demonstrated that he made a reasonable attempt to obtain counsel. But, even if he had, the court would find the recruitment of *pro bono* counsel unnecessary. Martin's filings reflect that he is capable of articulating himself to the court and there is no indication he required the assistance of an attorney to complete his complaint. Although he might have preferred to proceed with counsel, the court cannot appoint counsel for this reason alone. *See Pruitt*, 503 F.3d at 655; *see also Olson v. Morgan,* 750 F.3d 708 (7th Cir. 2014).

Nor is there any indication that an attorney would have made a difference in the outcome of this case. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013). Martin's allegations simply failed to give rise to an actionable constitutional claim. Accordingly, his request for counsel will be denied.

For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A, and the plaintiff's motion for appointment of counsel (ECF 11) is DENIED.

SO ORDERED on April 10, 2020

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT